IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL R. DYE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, Commissioner )<br>of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 1:04CV980-SRW<br>(WO) |

**MEMORANDUM OF OPINION**

Plaintiff Samuel R. Dye brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On December 18, 2003, after plaintiff's claim for disability insurance benefits was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on March 26, 2004. The ALJ concluded that plaintiff suffered from the severe impairments of "sleep apnea syndrome with narcolepsy; status post L5-S1 discectomy and fusion with chronic left leg pain; degenerative joint disease of the knees, status post medial meniscus repair of left knee[;] bronchitis; postoperative residuals of left

ankle repair; and right ankle strain; generalized anxiety disorder, and dysthymia." (R. 26-27). He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform jobs existing in significant numbers in the national economy. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of the decision. On September 3, 2004, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis

has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The record before the ALJ included evidence that the Veterans Administration has determined that plaintiff is totally disabled.[1] (Exhibits 5E and 21F).  Plaintiff challenges the Commissioner's decision, arguing, *inter alia*, that the ALJ erred by failing to specify the weight he assigned to the VA disability rating.  "'Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.'"  Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984)(citing Olson v. Schweiker, 663 F.2d 593 (5th Cir. 1981)).

In his decision, the ALJ relies on evidence of medical examinations conducted by the VA and notes repeatedly that these examinations were conducted in connection with a claim for VA disability compensation. (See R. 19, 20, 21, 22, 23, 24).  However, the ALJ does not acknowledge or discuss the actual VA rating decisions.  In Williams v. Barnhart, 2006 WL 1410194 (11th Cir. May 23, 2006), the Eleventh Circuit vacated a district court judgment affirming the decision of the Commissioner, where it was "undisputed that the ALJ did not reference or address the [VA] Rating  Decision" in his decision.  The court directed that the case be remanded to the Commissioner for further proceedings.  The court stated:

[O]n remand Williams shall be allowed to supplement the record before the

---

[1] Plaintiff was assigned a disability rating of 90%, based on application of the VA rating schedule.  However, he was determined to be totally disabled due to unemployability as of August 1, 2002.  (See VA Rating Decisions, R. 140-43,  362-63, 371; see also 38 C.F.R. § 4.16 ("Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities[.]").

3

> ALJ with the VA's Rating Decision. The ALJ then shall review Williams's claim again and specifically address in its decision the VA's Rating Decision. While we recognize that the ALJ's prior decision addressed at some length Williams's VA medical evidence, nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.

Id. at *1.[2]

In the present case, the ALJ likewise committed reversible error by failing to address the VA rating decisions.[3]

## CONCLUSION

Upon consideration of the arguments of the parties and the administrative record, the court concludes that this case is due to be remanded for further proceedings so that the Commissioner may reconsider plaintiff's claim for benefits, specifically addressing the VA rating decisions.[4]  A separate judgment will be entered.

---

[2] In Williams, the ALJ had previously been directed by the Appeals Council to supplement the record with the claimant's VA medical records. The ALJ requested and received VA records, but those records did not include the rating decision. Williams, 2006 WL 1410194 at *1. At the hearing before the ALJ, the plaintiff testified that he was receiving disability benefits from the VA. The district court found that the ALJ's failure to accord the VA determination any weight constituted legal error, but concluded that the error was harmless. Williams v. Barnhart, Civil Action No. 3:04CV753-VPM (M.D. Ala. 2005), Doc. # 20, Memorandum Opinion and Order.

[3] Oddly, counsel for both parties argue this case as though the VA ratings decisions were not part of the record before the ALJ. The Commissioner maintains that plaintiff bore the burden of producing them, and plaintiff argues that the ALJ failed to develop a full and fair record because he failed to obtain the VA determinations. The court need not reach these arguments because, as noted above, the VA ratings decisions were included in Exhibits 5E and 21F.

[4] In view of this conclusion, the court does not address plaintiff's remaining contentions. The court has determined that, contrary to plaintiff's argument, the application of correct legal standards would not necessarily result in an award of benefits.

Done, this 16th day of August, 2006.

                                          <u>/s/ Susan Russ Walker</u>
                                          SUSAN RUSS WALKER
                                          UNITED STATES MAGISTRATE JUDGE